[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 2, 1996, the Appellate Court released its memorandum of decision in this case. State v. LeDuc, 40 Conn. App. 233
(January 2, 1996). The Appellate Court remanded the case to this court for further proceedings. As a threshold, the further proceedings include an "in camera inspection of the qualified reports of the DCF [Department of Children and Families], not in the possession of the prosecution," relating to the matters which are the subject of this case "in order that the court may determine whether exculpatory evidence exists."40 Conn. App. 249.
The "qualified reports of the DCF [Department of Children and Families], not in the possession of the prosecution," to be examined in camera were not part of the record before this court or the Appellate Court. This court was unable to undertake the inspection ordered by the Appellate Court because the defendant at trial had not had the files for which he sought an in camera inspection marked for identification or otherwise preserved for the record.
As of three and a half months after the mandate of the Appellate Court, defendant had made no effort to have the files to be examined presented to this court. On April 22, 1996, the court entered an order as follows:
 "On May 7, 1996, the court will hear the parties on how the court is to proceed in order to comply with the mandate of the Appellate Court. At a minimum, the defendant should be prepared to present such evidence as is necessary to have the files which he claims are the subject of Appellate Court's order made a part of the record of this court."
On May 7, the parties appeared. Counsel for the defendant was not prepared to go forward with the clear order of the court. The matter was continued until May 21, 1996. CT Page 4255-ZZZZ
On May 21, 1996, defendant had subpoenaed the DCF case worker who had been in charge of the file and the appropriate file. The case worker stated she had examined the file that morning. Except for matters clearly put in the file after the October, 1994 trial, [e.g., subpoenas, a DCF "Record Face Sheet" re closing the file, and newspaper articles about the trial and the Appellate Court decision], she testified the file was the same as it was at the time of trial in October, 1994. The file was admitted.
The court has reviewed the file in camera.
The file contains no (1) "exculpatory evidence," LeDuc, 249; (2) "information that is material and favorable to the defense,"id; (3) "`[f]avorable evidence . . . which . . . might have led the jury to entertain a reasonable doubt about . . . guilt . . .,"id; (4) "information discovered during [the] in camera inspection [which] `probably would have changed the outcome of [the] trial,'" 250; (5) "any evidence in the DCF record that is material and favorable to the defendant's case," id;, or (6) "any exculpatory material." Id.
The Appellate Court decision was predicated on Pennsylvaniav. Ritchie, 480 U.S. 39 (1987). In that case Ritchie had sought access to the CYS files "because the file `might contain the names of favorable witnesses,'" 480 U.S. 44, and/or "the names of the `witnesses in his favor.'" 480 U.S. 55. Although the Appellate Court did not specifically direct this court to do so, this court examined the file to determine if there were persons named, described, or mentioned in the file which may not have been known to the defendant as possible sources of information favorable to the defendant. There were none who had not testified at the trial.
In accordance with State v. LeDuc, 40 Conn. App. 233, 250
(January 2, 1996), "the judgment is affirmed."
Parker, J.
A:\LEDUC\MD CT Page 4255-AAAAA